UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60022-CR-BLOOM

**UNITED STATES OF AMERICA**

**vs.**

**ESTEBAN SANTIAGO-RUIZ,**

    **Defendant.**
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    A copy of any written or recorded[1] statements made by the defendant, &

              2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

              Although not required by Fed.R.Crim.P. 16, the Standing Discovery Order

---

[1] One audio-recording and one video/audio-recording of the defendant's post-arrest interviews are attached. Transcripts of the recordings are currently being prepared and reviewed and will be provided to the defendant when finalized. Additionally, the United States is making available to the defense a large amount of digital evidence collected from various digital devices including laptop computers, smart telephones, external hard drives, thumb drives, one tablet and one SD card as well as various airports' surveillance video recordings. The defense may obtain a copy of the digital evidence by providing a formatted blank hard drive with a capacity of two terabytes or greater to the undersigned who will arrange with FBI technicians to copy onto it an image of the digital evidence.

or Local Rule 88.10, the government is voluntarily providing reports of witness interviews that do not constitute Jencks materials. The government is also voluntarily providing some early Jencks materials. All other Jencks materials will be provided at trial, in accordance with the Rules.

Wherever the words "are/is attached" are used in this discovery response, they mean that the discovery materials have been provided to the defense counsel and/or are available for inspection and copying.

3. The defendant charged in this case did not testify before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, and visual depictions of buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants are attached. A discovery conference where other physical evidence will be available for inspection at the FBI office may be arranged upon defense request. Please contact the undersigned to make arrangements for such a discovery conference at a time and date that are mutually convenient.

The attachments to this discovery response are not necessarily copies of all the books, papers, physical evidence, documents, etc., that the government may intend to introduce at trial.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. Any information or material within the Government's control which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), is attached.

D. The government has made no payments, promises of immunity, leniency, preferential treatment, or other inducements to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government has no records of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at

trial.

F. An identification procedure of the defendant (live or photographic array) was not conducted in this case with respect to any anticipated Government witness.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). Defendant is hereby on notice that all evidence made available to him for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendants' past criminal activities that have not resulted in arrests and/or convictions and which are summarized in the attached reports and materials. Specifically, the government may introduce evidence concerning the defendant's involvement in other criminal offenses described in the attached law enforcement reports from Anchorage Police Department and Homeland Security Investigations.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance.

J. The Grand Jury testimony of witnesses who testified before the Grand Jury and who will testify for the government at the trial of this cause will be provided to the defense in accordance with the Rules and the Jencks Act.

K. No controlled substance is involved in this case.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conferences to be scheduled pursuant to Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate dates, and place of the offense was:

Dates: January 6, 2017.
Place: Fort Lauderdale, Florida.

The attachments to this response consist of 10 CD/DVDs which are labeled: #1-10 containing discovery. The attached table of contents details the contents of each of the discs. Additionally, as explained in footnote 1, the United States makes available to the defense voluminous electronic evidence constituting the digital images of various electronic devices, all of which will be provided to the defense upon the furnishing to the FBI case agent a formatted 2+ terabyte hard drive. Please contact the undersigned Assistant United States Attorney if any pages or disks are missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/ Ricardo A. Del Toro*
RICARDO A. DEL TORO
Assistant United States Attorney
National Security Section
Florida Bar No. 0957585
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9182
Fax: (305) 536-4675
"Ricardo.Del.Toro@usdoj.gov"

4

cc:    SA Michael Ferlazzo
        SA Daniel Gaitan
        SA Mathew Schempp

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF on February 13, 2017.

                                    *s/ Ricardo A. Del Toro*
                                    RICARDO A. DEL TORO
                                    Assistant United States Attorney