UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  17-60022-CR-BLOOM

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ESTEBAN SANTIAGO-RUIZ,
        Defendant.
_____/

## DEFENDANT SANTIAGO-RUIZ'S STATUS REPORT

The Defendant, Esteban Santiago-Ruiz, through undersigned counsel, files this status report in anticipation of the issues to be addressed at the Status Conference scheduled for March 15, 2017, and states that:

At the most recent Status Conference here,[1] this Court cited 18 U.S.C. § 4241 in support of its authority to order *sua sponte* a competency evaluation of an accused.  That provision has two components.  The first is that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect."  The records received by the defense since the last proceeding clearly evidence that Mr. Santiago-Ruiz does in fact suffer from such a condition.  But § 4241 also requires that that infirmity render him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  Those same records – conflated with the observations of counsel during multiple attorney-client meetings and the Defendant's responses to queries posed

---

[1] February 16, 2017.

1

both by this Court and Magistrate Judge Seltzer – just as clearly establish that neither his understanding of the instant proceedings nor his ability to assist counsel is presently impaired.  As Mr. Santiago-Ruiz is now committed to adhering to the medication regimen prescribed for him at the Federal Detention Center (FDC), his mental stability is unlikely to change before trial.

Mr. Santiago-Ruiz was incarcerated at the Broward County Jail (BCJ) from January 7, 2017 – the day after the offenses charged here – until January 30, 2017, when he was moved to FDC.  While at BCJ, he was diagnosed variably with schizophrenia and schizoaffective disorder, both of which are psychotic illnesses. He was thus prescribed Haldol, an anti-psychotic medication. Although the BCJ records indicate a few instances of delusional behavior by the Defendant while there, they far more consistently reveal that: 1) he was oriented to time, person, place and situation; 2) his thought processes were logical; and 3) he was cooperative with the medical staff.

Because they are more contemporaneous, the records from FDC are perhaps more indicative of his current competence to stand trial.[2]  While the Defendant has again been diagnosed with a psychotic disorder there, a recent examination by the chief psychiatrist reflects that Mr. Santiago-Ruiz remains oriented to person, time, place and situation.  His thoughts were described as "organized and coherent." Both his insight and judgment were considered to be "fair."

---

[2] "The question of competency to stand trial is limited to the defendant's abilities at the time of trial." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986).

These observations mirror those of Mr. Santiago-Ruiz's defense "team."[3] Since the February 16th Status Conference, at least one member has visited with the Defendant at least thrice weekly. While during each of these sessions, Mr. Santiago-Ruiz appropriately responded to questions posed to him on a variety of issues, he has become increasingly engaged in his dialogue with counsel as he continues taking the Haldol also prescribed for him at FDC. The undersigned, who, as represented at the last proceeding, are aware of both their legal and ethical obligations to raise the issue of a client's competency when warranted,[4] will of course continue to monitor his condition.[5]

---

[3] In *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996), the Eleventh Circuit noted that:

> Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect. Accordingly, failure of defense counsel to raise the competency issue at trial, while not dispositive, is evidence that the defendant's competency [is] not really in doubt and there [is] no need for a [competency] hearing.

[4] *See* Motion for Competency Evaluation Pursuant to 18 U.S.C. § 4241 at D.E. 27 in *United States v. James Medina*, Case No. 16-20349-Cr-Scola (S.D. Fla. Sept. 1, 2016).

[5] Consistent with the American Bar Association's *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, the defense "team" includes a "member qualified by training and experience to screen individuals for the presence of mental or psychological disorders or impairments" *id*. at Guideline 4.1.A.2, to in part assist with monitoring Mr. Santiago-Ruiz's mental status. That member concurs in counsel's opinion concerning the Defendant's competency.

Finally, at the arraignment here, the Defendant responded appropriately to nearly fifty questions asked of him by Magistrate Judge Seltzer about his understanding of the instant charges and the "Notice of Special Findings" contained within the Indictment.  He answered similarly when this Court inquired about his satisfaction with "learned counsel" and the proposed waiver of his speedy trial rights, once asking the Court to repeat a question that he either did not hear or did not understand.

As the Eleventh Circuit has acknowledged, "mental illness, as a matter of law, does not preclude a finding of competency to stand trial." *United States v. Battle*, 419 F.3d 1292, 1299 n.9 (11th Cir. 2005).[6]  Thus, while Mr. Santiago-Ruiz is mentally ill, he is not currently incompetent.  As neither party is requesting a

---

[6] *See also Dix v. Newsome*, 584 F. Supp. 1052, 1061 (N.D. Ga. 1984) ("[W]hile Dix had a mental disorder which resulted from a head injury while in the Navy, said disorder did not prevent Dix from assisting his trial counsel with the defense of his case and from understanding the nature of the proceedings against him.").

competency evaluation, the Defendant asks that the Court not order one at this time.[7]

Respectfully submitted,

| | |
|---|---|
| MICHAEL CARUSO<br>FEDERAL PUBLIC DEFENDER<br>By: *s/Hector Dopico*<br>Hector A. Dopico<br>Florida Bar No.: 161380<br>150 W. Flagler Street, Suite 1700<br>Miami, Florida 33130-1556<br>Tel: (305) 533-4255<br>Fax: (305) 536-4559<br>E-mail: Hector_Dopico@fd.org | MICHAEL CARUSO<br>FEDERAL PUBLIC DEFENDER<br>By: *s/Eric Cohen*<br>Eric M. Cohen<br>Florida Bar No. 328065<br>150 W. Flagler Street, Suite 1700<br>Miami, Florida 33130-1556<br>Tel: (305) 533-4191<br>Fax: (305) 536-4559<br>E-Mail: Eric_Cohen@fd.org |

---

[7] The Court has indicated its intention to hold monthly status conferences. Certainly, in the unlikely event that the Defendant's condition declines despite being medicated, the Court will still have sufficient time prior to trial to invoke the provisions of § 4241.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2017, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

   s/ Eric M. Cohen
Eric M. Cohen