UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>17-60022-CR-BLOOM</u>

UNITED STATES OF AMERICA

v.

ESTEBAN SANTIAGO-RUIZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ESTEBAN SANTIAGO-RUIZ (hereinafter referred to as "the defendant") enter into the following agreement:

1. The defendant offers and agrees to plead guilty to Counts 1 through 11 of the indictment, which charge the defendant with Violence at an International Airport Causing Death, in violation of Title 18, United States Code, Section 37(a)(1) (Counts 1 through 5) and Violence at an International Airport Causing Serious Bodily Injury, in violation of Title 18, United States Code, Section 37(a)(1) (Counts 6 through 11), and agrees to the rest of the terms of this agreement in consideration for the government's agreement to not seek the death penalty in this case. In exchange for the defendant's offer and agreement to plead guilty to Counts 1-11, and the other terms of this agreement, the United States agrees to dismiss the remaining counts of the indictment at the time of sentencing.

2. The defendant understands and acknowledges that, with respect to each of Counts 1 through 5, the statutory maximum penalty is death. Given that the death penalty is not being sought by the government under the terms of this plea agreement, the maximum

penalty which the Court may impose as to each of Counts 1 through 5 is life imprisonment, followed by a term of supervised release of up to five years. The defendant understands and acknowledges that, with respect to each of Counts 6 through 11, the statutory maximum sentence is twenty years' imprisonment, followed by a term of supervised release of up to three years. In addition to the terms of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count of conviction. The defendant further understands and acknowledges that, in addition to any sentence imposed, the Court must order that the defendant pay restitution to the victims of his offenses.

3. The defendant agrees that he will disgorge and pay to the Court Clerk for the Southern District of Florida, for the purpose of distributing restitution to victims of the crimes, any monies, in whatever form, paid to the defendant, or on his behalf to another, in return for writing, interviews, documentaries, movies, or other information disclosed by the defendant, including, but not limited to access to the defendant, photographs or drawing of or by the defendant, or any other type of artifact or memorabilia.

4. The defendant further understands and acknowledges that, in addition to the sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $100 per count of conviction, totaling $1,100, will be imposed on the defendant, which will be paid by the defendant at the time of sentencing.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the defendant agree that the following sentence is the appropriate disposition of this case: As to each of Counts 1 through 5, the parties jointly agree that the Court will sentence the defendant to life imprisonment, with each term to be served consecutively to one another. As to each of Counts 6 through 11, the parties jointly agree that the Court

will sentence the defendant to twenty years' imprisonment, with each term to be served consecutively to one another and consecutively to the sentences imposed as to Counts 1 through 5. Thus, the United States and the defendant jointly agree that the Court will impose a total sentence of five consecutive life sentences, followed by 120 years' (1,440 months') imprisonment in this case. The United States and the defendant agree that this is a substantively reasonable sentence in this case.

6. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. This appellate waiver includes, but is not limited to, any right to appeal the Court's entry of judgment and the sufficiency of the evidence. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction. By signing this agreement, the defendant acknowledges that he

has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

7. The defendant also agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest to one Walther 9mm pistol, Model PPC, Serial No. AJ7298, which constitutes a firearm that was involved in, or used in, the commission of the instant offenses.

8. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court at a later proceeding, this Office will be free to prosecute the defendant for all charges set forth in the Indictment; any charges that have been dismissed because of this plea agreement will automatically be reinstated; and all penalties for those charges, including the death penalty, may be pursued by this Office. The defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by such later proceedings.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 5/21/18

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

Date: 5/21/18

_____ For:
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 5/21/18

_____
ERIC COHEN
ATTORNEY FOR DEFENDANT

Date: 5/21/18

_____ for
HECTOR A. DOPICO
ATTORNEY FOR DEFENDANT

Date: 5/21/18

_____
ESTEBAN SANTIAGO-RUIZ
DEFENDANT

5